UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH WEATHERBY,

          Plaintiff,

vs.                                    Case No.   2:11-cv-322-FtM-29DNF

MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendant.
_____

**OPINION AND ORDER**

    This matter is before the Court on consideration of Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. #27), filed on August 13, 2012, recommending that the Commissioner's decision to deny social security disability benefits be affirmed.  Plaintiff filed Objections (Doc. #28) on  August 27, 2012, and the Commissioner filed a Response (Doc. #29) on September 4, 2012.

    The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.

Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

The Report and Recommendation finds that sufficient evidence supported the Administrative Law Judge's (ALJ) finding that plaintiff was capable of performing her past relevant work as a food deliverer. Specifically, the Report and Recommendation found that the ALJ properly determined that plaintiff was not functionally limited by her migraine headaches; the ALJ properly determined plaintiff's residual functional capacity relating to the use of her right arm and performing overhead tasks above her head; the ALJ properly found at Step Four of the evaluation process that plaintiff can return to her past relevant work as a food deliverer as it is generally performed; and the ALJ properly determined that

the position of food deliverer has a reasoning level of two. Plaintiff's objection relates only to the finding that plaintiff was able to perform her past relevant work at Step 4 of the evaluation process. After independent review, the Court accepts and adopts those portions of the Report and Recommendation other than the discussion at Step 4 that plaintiff's past relevant work was light in exertional level.

The ALJ found that plaintiff was unable to perform a full range of light work activity, and therefore obtained the testimony of a vocational expert. In evaluating plaintiff's past work as a food deliverer, the vocational expert clearly relied upon <u>Dictionary of Occupational Titles</u> (DOT) 299.477-010, which he specifically cited to the ALJ. (Doc. #18-2, Tr. 69.) The vocational expert stated that DOT 299.477-010 provided that work as a food deliverer was light in exertional level, and was unskilled with a specific vocational preparation time of two. (<u>Id.</u>) In response to the ALJ's hypothetical question which related to the ability to perform work at a light exertional level with certain specified restrictions, the vocational expert found plaintiff could perform her work as a food (pizza) deliverer. (Doc. #18-2, Tr. 71-72.) In response to a question from the ALJ, the vocational expert stated that none of his testimony conflicted with the DOT. (Doc. #18-2, Tr. 73.)

The Decision of the ALJ found that plaintiff's past work as a food deliverer was light in exertional level and unskilled, citing to the DOT 299.477.010.  (Doc. #18-2, Tr. 38 (although there is a typographical error in the number.)  Relying on the testimony of the vocational expert, the ALJ found that plaintiff could perform this work, and was therefore not disabled. (Doc. #18-2, Tr. 39.) Plaintiff asserts that the ALJ's decision cannot stand because it is the product of a clerical error by the vocational expert.  This is because DOT 299.477.010 has the exertional level of medium, not light.

The Court has no quarrel with the principle that the testimony of a vocational expert can "trump" the DOT and provide sufficient evidence to support an ALJ's decision.  That, however, is not what happened in this case.  The vocational expert did not think he was disagreeing with the DOT, but rather specifically cited to the DOT and testified, erroneously it turns out, that the DOT was consistent with his opinion as to the exertional level of plaintiff's past relevant work as a food deliverer.  It is certainly possible that the vocational expert may believe plaintiff's past relevant work as a pizza deliverer was light work, contrary to the DOT, and he may be able to support that opinion. But the only testimony he gave was based on a DOT provision, which he apparently simply misread.  Title 20 C.F.R. § 404.988 provides that a fully or partially unfavorable decision may be reopened at

Case 2:11-cv-00322-JES-DNF   Document 30   Filed 09/14/12   Page 5 of 6 PageID 562

any time "to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made; . . . ."  20 C.F.R. § 404.988(c)(8).  Whether a clerical error or a substantive oversight, the Commissioner must correct the matter and render a decision based upon accurate testimony.  Because the Court cannot say the error was harmless, the Court agrees with plaintiff that the issue may be considered by the district court despite plaintiff's counsel's failure to raise the issue in the administrative proceedings.

Accordingly, it is now

**ORDERED**:

1.  The Report and Recommendation (Doc. #27) is **ADOPTED IN PART AND REJECTED IN PART** by the Court.

2.  The Decision of the Commissioner of Social Security is **REVERSED** as to the resolution of whether plaintiff could perform her past relevant work as a food deliverer, and is otherwise **AFFIRMED**.

3.  The case is **REMANDED** to the Secretary pursuant to sentence four of 42 U.S.C. § 405 for a supplemental hearing with a vocational expert to determine the exertional level of plaintiff's past relevant work as a food deliverer and whether she can perform that past relevant work.  If not, the Commissioner shall proceed with the evaluation process to determine plaintiff's eligibility

for disability benefits, and take whatever further steps are necessary to resolve the claim.

    4.   The Clerk of the Court shall enter judgment accordingly and close the file.

    **DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of September, 2012.

                                     JOHN E. STEELE
                                     United States District Judge

Copies:
Hon. Douglas N. Frazier
U.S. Magistrate Judge

Counsel of Record